# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DOLORES KELLY,<br><br>　　　　　　　　Plaintiff,<br><br>v.<br><br>BANK OF AMERICA,<br><br>　　　　　　　　Defendant. | Case No.: 23-CV-691-CAB-WVG<br><br>**ORDER DENYING APPLICATION TO PROCEED IN FORMA PAUPERIS [Doc. No. 2], DENYING MOTION FOR COUNSEL [Doc. No. 3], AND DISMISSING CASE WITH PREJUDICE** |

　　　Over the past several weeks, Plaintiff Dolores Kelly has filed at least seventeen complaints in this district.[1] The one or two-page hand-written and largely unintelligible complaints are against various well-known business executives (including Elon Musk, Jeff Bezos, Tim Cook, and Bill Gates), politicians and world leaders (including Xi Jingping,

---

[1] *See* Case Numbers 23cv592-JO-DDL, 23cv618-CAB-KSC, 23cv619-JAH-BLM, 23cv620-DMS-DDL, 23cv621-TWR-NLS, 23cv622-RSH-DDL, 23cv623-BAS-JLB, 23cv624-AGS-NLS, 23cv625-AGS-MSB, 23cv626-AGS-BGS, 23cv627-CAB-KSC, 23cv684-AGS-DEB, 23cv685-RBM-AHG, 23cv686-RSH-WVG, 23cv687-DMS-MSB, 23cv691-CAB-WVG, 23cv692-TWR-WVG, 23cv693-RBM-BLM. Approximately one year ago, Plaintiff filed four additional complaints. *See* Case Numbers 22cv430-CAB-KSC, 22cv464-CAB-KSC, 22cv500-CAB-KSC, 22cv501-CAB-KSC.  Each of these four cases was terminated after Plaintiff's blank IFP applications were denied without prejudice and she failed to re-file complete IFP applications or pay the filing fee.

1

Kamala Harris, and Jerry Yang), and companies (including U.S. Bank and Bank of America), and all are accompanied by almost entirely blank applications to proceed in forma pauperis ("IFP") and motions to appoint counsel.

This case, against Bank of America, is similar to the others. The complaint is less than 100 words, lacks complete sentences, and prays for the relief of "Repocession [sic] of the banks." Like the other cases, the complaint was accompanied by a blank IFP application and a motion to appoint counsel. For the following reasons, the IFP application and motion to appoint counsel are denied, and this case is dismissed.

Generally, all parties instituting a civil action in this court must pay a filing fee. See 28 U.S.C. § 1914(a); CivLR 4.5(a). But the court may authorize a party to proceed without paying the fee if that party submits an affidavit demonstrating an inability to pay. 28 U.S.C. § 1915(a). "An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal quotation marks omitted).

Here, Plaintiff's IFP application is almost entirely blank. She fails to answer any of the questions regarding whether she has any income, assets, or expenses. Without such details, the Court cannot determine whether Plaintiff is entitled to proceed IFP. In other words, based on the lack of "particularity, definiteness and certainty" in the information provided, the Court is not persuaded that Plaintiff lacks the funds to pay the filing fee and "still afford the necessities of life." *Escobedo*, 787 F.3d at 1234. Therefore, Plaintiff's application to proceed IFP [Doc. Nos. 2] is **DENIED**, and Plaintiff's motion to appoint counsel [Doc. No. 3] is **DENIED** as moot.

Further, because the complaint is utterly frivolous, the Court finds that granting Plaintiff leave to file an amended IFP application would be futile. Even if Plaintiff could satisfy the requirements to proceed IFP, the complaint would be subject to *sua sponte* dismissal. Accordingly, because Plaintiff is not entitled to proceed IFP and did not pay the

filing fee with her complaint, it is hereby **ORDERED** that this case is **DISMISSED**.  The Clerk of Court shall **CLOSE** this case.  No further filings under this case number will be accepted.

**IT IS SO ORDERED.**

Dated:  April 18, 2023

Hon. Cathy Ann Bencivengo
United States District Judge